**LEWIS et al. v. GUSEMAN et al.**

Civ. No. 7926.

United States District Court,
W. D. Pennsylvania.

March 4, 1952.

Samuel Krimsly, Pittsburgh, Pa., for plaintiffs.

Samuel J. Feigus, Uniontown, Pa., for defendants.

GOURLEY, Chief Judge.

This proceeding was administered by a jury trial based upon an action in contract. A verdict in the amount of $5587.40 was rendered in favor of the plaintiff.

At the time of the Court's charge to the jury, plaintiff's counsel requested additional instruction on the subject of legal interest. The Court denied this instruction on the belief that the jury's involvement with the complexities of interest calculations would prove confusing and would distract the attention of the jury from the primary issues to be resolved. Consequently, the Court was of the opinion that the question of interest should be considered by the Court as a matter of law based on the contract which was not in dispute, after the determination of the issues by the jury.

If the parties have not by contract determined otherwise, simple interest at the statutory legal rate is recoverable as damages for breach of contract. Restatement of Contracts § 337. Interest is generally payable from the time it becomes the duty of the debtor to discharge his debt, and is demandable from the date money is due, interest being a legal and uniform rate of damages allowed in the absence of any express contract, when payment is withheld after it has become the duty of the debtor to discharge the debt. In re Guardian Bank & Trust Co., 330 Pa. 411, 199 A. 171.

The terms of the contract provide that the first actual payment of royalties are to be made on August 20, 1947, and thereafter continuously on the 20th day of each succeeding calendar month covering the production of all coal for use or sale during the preceding month.

The verdict in this case is predicated on a lump sum award encompassing royalty payment for coal production from July 1, 1947 until June 30, 1948. It is impossible to determine what this production represented each month. Accordingly, it is the judgment of this Court that legal interest shall commence to take effect from June 30, 1948, the date of termination of the royalty contract.

An appropriate order is herewith filed.